## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MANUEL MIJARES, MARIAN
GODOY, JOANDERSON
BENCOMO, ANOAS DIONICIO,
on behalf of themselves and on behalf
of all others similarly situated,**

      **Plaintiffs,**

**v.**                           **Case No.: 6:18-cv-02024-RBD-TBS**

**THE SERVICE COMPANIES, INC.,**

      **Defendant.**

_____/

### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION
### AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

Pursuant to 29 U.S.C. § 216(b), Plaintiffs, MANUEL MIJARES, MARIAN GODOY, JOANDERSON BENCOMO, and ANOAS DIONICIO ("Plaintiffs"), on behalf of themselves and all others similarly-situated ("Plaintiffs"), request entry of an Order permitting, under supervision of this Court, notice to all putative class members affected by the claims in the instant action against Defendant, THE SERVICE COMPANIES, INC. ("Defendant"). In support thereof, Plaintiffs state as follows:

### INTRODUCTION

This is a collective action to enforce the overtime wage provisions of the Fair Labor Standards Act ("FLSA"). Defendant operates a hospitality staffing business in Miami Lakes, Miami-Dade County, Florida (Plaintiffs' Complaint ¶ 7), and provided cleaning services to businesses throughout Florida. The Named Plaintiffs worked for Defendant in Winter Garden, Florida. Named Plaintiff MANUEL MIJARES worked for Defendant as a "house cleaner" from

February 2018 through August 2018. Named Plaintiff MARIAN GODOY worked for Defendant as a "house cleaner" from December 2017 through August 2018. Named Plaintiff JOANDERSON BENCOMO worked for Defendant as a "house cleaner" from November 2017 through August 2018. Finally, Named Plaintiff ANOAS DIONICIO worked for Defendant as a "house cleaner" from October 2017 through August 2018.

Plaintiffs filed this collective action alleging that they were not paid overtime owed in accordance with the FLSA. As explained in the attached Declarations, Defendant's method of paying Plaintiffs violated the FLSA because it failed to compensate its employees with an overtime premium for hours worked over forty (40) hours. In doing so, Defendant violated the FLSA's overtime requirements.

Presently there four (4) Named Plaintiffs who have confirmed they were subject to the same company policies by Defendant that violated the FLSA's overtime wage requirements. *See* Declarations of MANUEL MIJARES, MARIAN GODOY, and JOANDERSON BENCOMO, attached hereto as Composite Exhibit "A." [1] Due to the uniform nature of Defendant's policies, there exists a class of similarly-situated house cleaners who worked for Defendant and who are owed additional overtime compensation for the hours worked in excess of forty (40) each week. Accordingly, Plaintiffs move this Honorable Court to conditionally certify and authorize Plaintiffs to mail and e-mail Notice of this lawsuit, attached as Exhibit "B", follow up Notices, attached as Exhibit "C" and Consent to Become a Party Plaintiff Form, attached as Exhibit "D" to:

> All "house cleaners" who worked for Defendant within the last three years who believe they were not paid proper overtime wage compensation during any work week of their employment within the applicable statute of limitations period.

---

[1] The declaration of Named Plaintiff, ANOAS DIONICIO, will be filed at a later date in the proceedings subject to this Court's approval.

## SUPPORTING FACTS

### *The Putative Class*

1.      Plaintiffs are non-exempt house cleaners who worked for Defendant. (Mijares Decl. ¶ 3); (Godoy Decl. ¶ 3); and (Bencomo Decl. ¶ 3). Presently, there are a total of four (4) individuals who have consented to join this lawsuit (*See* Composite Exhibit A).

2.      Plaintiffs have attested that they are aware of others who want to join this lawsuit. (Mijares Decl. ¶ 6); (Godoy Decl. ¶ 6); and (Bencomo Decl. ¶ 6).

3.      Plaintiffs typically worked approximately 50-plus hours per week. . (Mijares Decl. ¶ 4); (Godoy Decl. ¶ 4); and (Bencomo Decl. ¶ 4).

4.      Defendant did not pay Plaintiffs overtime when Plaintiffs worked in excess of forty (40) hours during any workweek. . (Mijares Decl. ¶ 5); (Godoy Decl. ¶ 5); and (Bencomo Decl. ¶ 5).

5.      The unpaid overtime wages owed to each Plaintiff for every work week resulted in a substantial loss of earned income to each Plaintiff, for each week worked, throughout the statutory period.

### *Defendant*

6.      Defendant operates a hospitality staffing business in Miami Lakes, Miami-Dade County, Florida. (Plaintiffs' Complaint ¶ 7).

7.      Defendant did not pay Plaintiffs overtime when Plaintiffs worked in excess of forty (40) hours during any workweek. (Mijares Decl. ¶ 5); (Godoy Decl. ¶ 5); and (Bencomo Decl. ¶ 5).

8.      Defendant' failure to pay overtime to Plaintiffs was a uniform practice that applied to all employees. (Mijares Decl. ¶¶ 7-8); (Godoy Decl. ¶¶ 7-8); and (Bencomo Decl. ¶¶ 7-8).

9.      The unpaid overtime wages owed to each Plaintiff for every work week resulted in

an equally substantial loss of earned income to each Plaintiff, for each week worked, throughout the statutory period.

10.     Defendant failed to track Plaintiffs overtime hours and also failed to correctly calculate Plaintiffs' compensation. (Mijares Decl. ¶¶ 7-8); (Godoy Decl. ¶¶ 7-8); and (Bencomo Decl. ¶¶ 7-8).

11.     Accordingly, this Court should promptly grant Plaintiffs' Motion and authorize their proposed Notice.

## MEMORANDUM OF LAW

### I.     The Fair Labor Standards Act Authorizes Collective Actions.

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. 29 U.S.C. § 216(b). Specifically, the Act provides, in part, that:

> An action to recover the liability [for unpaid wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of themself or themselves and others similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such a consent is filed in the court in which such action is brought.

*Id*. If an employee-plaintiff wants to maintain an opt-in collective action against his employer for violations of the FLSA, he must demonstrate, under the lenient standard articulated in *Hipp v. Liberty National Life Ins. Co.*, that he is similarly situated to the proposed members of the collective class and that there is a desire by them to join the lawsuit. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (emphasis added); *see also Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

### II.     The Eleventh Circuit's "Two-Stage" Procedure for FLSA Collective Actions.

#### A.     Legal Standard for Notice Stage.

To maintain a collective action under the FLSA, Plaintiffs must demonstrate that they are similarly situated. *See Anderson v. Cagle's Inc.*, 488 F.3d 945, 952 (11th Cir. 2007). While not requiring a rigid process for determining similarity, the Eleventh Circuit has sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase. The first step of whether a collective action should be certified is the notice stage. *Id.* at 952-53; *Hipp*, 252 F.3d at 1218. The second stage, which is inapplicable at this point, is the decertification stage. *Id.*

At the notice stage a plaintiff merely has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. *Anderson*, 488 F.3d at 952; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). The Eleventh Circuit has described the standard for determining similarity, at this initial stage, as "not particularly stringent," *Hipp*, 252 F.3d at 1214, "fairly lenient," *Hipp*, 252 F.3d at 1218, "flexib[le]," *Hipp*, 252 F.3d at 1219, "not heavy," *Grayson*, 79 F.3d at 1097, and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)," *Id.* at 1096. In fact, at the notice stage, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly-situated." *Kreher v. City of Atlanta*, No. 1:04-cv-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006). Likewise, district courts have consistently recognized that discovery at the first notice stage is unnecessary for the similarly situated determination. *See, e.g., Lloredo v. RadioShack Corp.,* No. 04-20991-CIV-HOEVELE, 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005); *Harrison v. Enter. Rent-A-Car Co.*, No. 98-233-CIV-T-24(A), 1998 WL 422169, at *4 (M.D. Fla. July 1, 1998).

Moreover, at the notice stage the Court need not resolve factual disputes or make credibility determinations. Scott v. Heartland Home Fin., *Inc., No. CIV.A. 1:05-CV-2812-, 2006 WL 1209813,*

*at *3* (N.D. Ga. May 3 2006); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000). Accordingly, an analysis of any individualized defenses is simply not considered at the conditional certification stage, but rather is reserved for the decertification stage. *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *5 (M.D. Fla. Aug. 21, 2008).

To meet their burden at the Notice Stage Plaintiffs must show that there are other similarly-situated employees who may desire to join in the action. *See Hipp*, 252 F.3d at 1217; *Dybach*, 942 F.2d at 1567-68. Again, the standard is lenient and courts do not employ a magic formula or threshold number of possible joiners as a prerequisite for conditional certification. *See, e.g., Robbins-Pagel v. WM. F. Puckett, Inc.,* No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706 (M.D. Fla. Nov. 22, 2006) (three affidavits alleging claims of unpaid overtime enough evidence to establish other similarly situated individuals may be interested in joining the action); *Wynder v. Applied Card Sys.,* CASE NO. 09-80004-CIV-MARRA, 2009 WL 3255585 (S.D. Fla. Oct. 7, 2009) (certifying FLSA collective action based on Plaintiff's declaration and only one opt-in declaration); *Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC, 2008 WL 4628394, at *7 (D. Or. Oct. 14, 2008) (granting company-wide conditional certification based on two affidavits); *Sanders v. MPRI, Inc.*, No. CIV-08-345-R, 2008 WL 5572846 (W.D. Okla. Oct. 16, 2008) (granting conditional certification with zero opt-ins or affidavits); *Guerra v. Big Johnson Concrete Pumping, Inc.,* CASE NO. 05-14237-CIV-MARTINEZ/LYNCH, 2006 WL 2290512 (S.D. Fla. May 17, 2006) (conditional certification of FLSA collective granted based upon two affidavits); *Goody v. Jefferson County*, No. CV-09-437-E-BLW, 2010 WL 1418395 (D. Idaho Apr. 6, 2010) (D. Id. 2010) (certifying collective action based on one plaintiff and one additional affidavit); *and Barreda v. Prospect Airport Servs.*, No. CASE NUMBER 08 C 3239, 2008 WL 7431307 (N.D. Ill. Nov. 26, 2008) (certifying companywide collective action based on affidavits from only one

location).

In sum, the ultimate question in determining the instant Motion, therefore, is whether Plaintiffs in this case meets the minimal, first-stage burden of showing that there exist others: (1) who worked for Defendant during the statutory period; (2) who may be interested in joining this case and; (3) who are similarly situated to the named Plaintiffs with respect to their job requirements and pay provisions or who were victims of a common decision, policy, plan or practice. *See Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-cv-2855-T-24 MAP, 2012 WL 1898636, at *4 (M.D. Fla. May 23, 2012) (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-58 (11th Cir. 1991)). This burden is light, and, as demonstrated herein and in the attached Declarations, Plaintiffs have satisfied it.

## III.    Plaintiffs Meet the Lenient Standard Required for Conditional Certification.

### A.    Others  Desire  to  Join this Lawsuit.

Thus far, four (4) Plaintiffs have consented to join this lawsuit, including:

1.    Manuel Mijares – *Class Representative with personal knowledge of others who wish to join*;

2.    Marian Godoy - *Named Plaintiff with personal knowledge of others who wish to join;*

3.    Joanderson Bencomo - *Named Plaintiff with personal knowledge of others who wish to join*;

4.    Anoas Diconicio - *Named Plaintiff with personal knowledge of others who wish to join*.

Collectively, the individuals listed above have personal knowledge of Defendant's pay practices, including with respect to Defendant's failure to properly pay overtime premiums for hours work over forty (40) hours. They also know of the existence of similarly-situated individuals who would join this action if given Notice by the Court. Accordingly, Plaintiffs have presented sufficient

evidence demonstrating others exist who desire to join this case.

**B.     Plaintiff and the Putative Class Members are Similarly-Situated.**

The Named Plaintiffs all worked for Defendant as housekeepers for Defendants. One way to determine whether the putative Plaintiffs in this action are "similarly-situated" for the purpose of facilitating notice is by evidence (albeit minimal) that the class members shared similar job requirements and pay provisions. *Id.* (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-58 (11th Cir. 1991)). Plaintiffs have provided this Court with record evidence, including declarations evidencing that Plaintiffs were similarly-situated in that they: (1) performed similar duties, (2) worked similar hours, (3) were not paid overtime wages in accordance with the FLSA, and finally (4) worked at the same location for Defendant. Accordingly, Plaintiffs have met the lenient burden contemplated in *Hipp* for establishing the "similarly situated" prong, as set out further below.

**C.     Plaintiffs Alleged a Common Policy that Violated the FLSA.**

Another way for the Court to determine whether the notice-stage "similarly situated" requirement has been met is by evidence that the putative class members were victims of a common decision, policy, plan or practice. *Id.* (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-58 (11th Cir. 1991)). The record evidence demonstrates that Defendant's House Keepers were all subject to the same unlawful payroll practices. Accordingly, Plaintiffs have presented sufficient evidence to satisfy this Court that there exist other current and former employees of Defendant who were part of a common policy or practice committed by Defendant in violation of the FLSA.

**IV.    Plaintiff's Notice is Accurate and Should Be Posted at Defendant's Business.**

Plaintiffs' Proposed Notice Form is attached hereto as Exhibit B. Plaintiffs' Notice is

"timely, accurate, and informative." *See Hoffman La Roche*, 493 U.S.C at 172. The Proposed Notice achieves the ultimate goal of providing current and former employees with accurate and timely notice concerning the pendency of the collective action and should be adopted by this Court. Plaintiffs request that the Proposed Notice be mailed, with a self-addressed return envelope to each potential class member via First Class Mail and that a copy of the notice be posted at each of Defendant's' locations. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2011 WL 420528, at *2 (S.D.N.Y. Feb. 8, 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (finding that first class mail, combined with posting, provided for the "best notice practicable" to the potential class).

Also, due to the transient nature of the putative class members and the possibility that Defendant does not have accurate physical addresses for its former employees, Plaintiffs further request that they be permitted to send, via Electronic Mail, a "Follow-up" Notice (attached hereto as Exhibit C) to each of the potential class members who does not respond to the initial Notice mailing. Plaintiffs propose that the "Follow-up" Notice be sent to the remaining class members on the fourteenth day prior to the close of the Court-ordered Notice Period. See *Weathersby v. Technology Training Systems, Inc.*, Case No. 1:12−cv−09963, Docket Entry 32 (N.D. Ill. April 9, 2013)(granting Plaintiff's motion to approve "reminder" notice to potential opt-ins in FLSA collective action involving multiple locations nationwide).

## V.    Notice Within a Three-Year Statute of Limitations Period is Appropriate.

The FLSA allows plaintiffs to collect damages within a three-year statute of limitations if that can show that a defendant's violation of the FLSA was "willful," meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by

the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Whether Defendant's violations of the FLSA here were willful is an issue that goes to the merits of the case and not whether notice should be issued to potential claimants.

Plaintiffs have alleged sufficient facts to raise an inference of willfulness in this case and the pleadings, declarations and citations to concurrent litigation submitted in support of this Motion support the same. Additional facts concerning a willfulness determination are an appropriate focus for discovery in this case and Defendant may challenge the three-year statute of limitations again at a later time. Thus, for purposes of the initial stages of this proceeding, notice should go to all individuals similarly-situated to the Plaintiffs who were employed by Defendant during the three-year period preceding the Court's ruling on the instant Motion. *See Resendiz-Ramirez v. P & H Forestry, L.L.C., 5*15 F. Supp. 2d 937 (W.D. Ark. 2007).

## VI.    Limited Discovery of Names, Addresses and Email Addresses of the  Putative Class is Necessary to Effectuate Notice.

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc., CASE NO. C05-2112RSM*, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (compelling defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court.). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See, e.g.,* H*offmann-La. Roche v. Sperling,* 493 U.S. 165, 165 (1989); *see also Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 581 (N.D. Iowa 2005). Further, discovery of the putative class members' last known e-mail addresses is warranted. *See Weathersby v. Technology Training Systems, Inc*., Case No. 1:12−cv−09963, Docket Entry 32

(N.D. Ill. April 9, 2013).

<u>**CONCLUSION**</u>

In light of the broad remedial provisions of the FLSA, coupled with the Eleventh Circuit's lenient standard for conditional certification, Plaintiff's allegations and the declarations attached hereto, along with the additional evidence of record are more than sufficient to satisfy Plaintiff's relatively light burden of showing this Court that "there are [similarly situated] persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

**_WHEREFORE_**, Plaintiffs request that this Court issue an order:

A.   Conditionally certifying a collective action of current and former shift supervisors who worked for Defendant – at any of its locations – during the three (3) years prior to the filing of Plaintiffs' Complaint who were not paid overtime premium for hours worked over forty (40) in a work week;

B.   Directing Defendant to produce, in an electronic readable format, to the undersigned counsel within fourteen (14) days of the Order granting this Motion a list containing the full names, last known addresses, telephone numbers, and e-mail addresses of putative class members who worked for Defendant for the three years preceding the filing of Plaintiffs' Complaint and the present;

C.   Authorizing the undersigned counsel to send initial notice, in the form attached hereto as Exhibit B, to all individuals whose names appear on the list produced by the Defendant's counsel by first-class mail;

D.   Directing Defendant to post at all of its business locations a copy of the initial notice in the form attached hereto as Exhibit B;

E.   Authorizing the undersigned counsel to send a follow-up notice, in the form attached hereto as Exhibit C, to all individuals whose names appear on the list produced by the Defendant's counsel but who, by the fourteenth (14th) day prior to the close of the Court-approved notice period, have yet to opt in to the instant action; and

F.     Providing all individuals whose names appear on the list produced by Defendant's counsel a total of ninety (90) days from the date the notices are initially mailed to file a Consent to Become Opt-In Plaintiff form, in the form attached hereto as Exhibit B; and,

G.     Such other and further relief as the Court deems just under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned hereby certifies that Plaintiff has conferred with counsel for Defendant prior to the filing of the instant Motion, but that the parties were unable to agree as to the relief requested herein.

Dated this 9th day of January, 2019.

Respectfully Submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: (813) 224-0431
Direct Dial: (813) 379-2565
Facsimile: (813) 229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of January, 2019, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send a notification of this filing to all counsel of record, including:

Lindsay Denise Swiger
Erika R. Royal
Holland & Knight, LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202

Email: Lindsay.swiger@hklaw.com
Email: Erika.royal@hklaw.com
Email: juliana.nwafor@hklaw.com

_____
**LUIS A. CABASSA**