UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MANUEL MIJARES, MARIAN GODOY,
JOANDERSON BENCOMO, ANOAS
DIONICIO, on behalf of themselves and on
behalf of all others similarly situated,

        Plaintiffs,

v.                                    Case No.: 6:18-cv-2024-Orl-37TBS

THE SERVICE COMPANIES, INC.,

        Defendant.
_____/

## DECLARATION OF AMANDA PASCOE

I, Amanda Pascoe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.

My name is Amanda Pascoe. I am over the age of 18 and competent to testify thereto. I know that this Declaration is to be used for all lawful purposes in connection with the above-captioned civil action.

2.

The facts set forth herein are based upon my personal knowledge, or upon my review of The Service Companies, Inc.'s ("TSC") business records, which records were made by, or from information transmitted by, a person with knowledge of the information or events described therein, at or near the time the events occurred, and are kept in the ordinary course of the regularly conducted business activity of such person and TSC and is the regular practice of TSC to make such records.

3.

I am currently employed by TSC as its Project Director at the Grove Resort and Spa (the "Grove") which is located at 14501 Grove Resort Avenue, Orlando, Florida 34787. I have held that position since April 2018. Prior to that, I was employed as a Housekeeping Manager for the Grove from October 2017 to April 2018. As Project Director, I am responsible for overseeing the entire Housekeeping Department at the Grove. In my role as Project Director, I have become very familiar with the Company's pay practices and policies at the Grove.

4.

TSC is in the business of providing outsourced services and personnel to hospitality industry clients. TSC contracts with its clients – existing hospitality properties – to provide a wide range of food & beverage and hospitality staffing, specialty, and engineering services. Its clientele includes hotels, timeshare properties, and casinos. The services TSC provides are governed by the separate contracts between TSC and its clients.

5.

TSC provides hospitality services, including guest room attendants ("GRAs"), to the Grove Resort and Spa (the "Grove") which is located at 14501 Grove Resort Avenue, Orlando, Florida 34787.

6.

The Plaintiffs in this matter, Manuel Mijares, Anoas Dionicio, Joanderson Bencomo, and Mariana Godoy, were all employed by TSC as GRAs at the Grove in 2017 and 2018. During their employment at the Grove, the Plaintiffs reported directly to me.

7.

TSC compensates its GRAs according to their job duties, scheduled shifts, level of experience, and property. For example, at the Grove, GRAs who generally started their shift at 8 a.m., 9 a.m., and 10 a.m. were paid under the piece pay system. This was commonly referred to as the "first shift." On the first shift, GRAs were scheduled and staffed to clean every room and they received predetermined cleaning assignments. First shift GRAs were responsible for making beds, changing linens, cleaning toilets, bathtubs, mirrors, floors, and sinks, and ultimately ensuring that all rooms were cleaned to required quality standards. Conversely, GRAs who generally started their shift after 3 p.m. were paid hourly. This was commonly referred to as the "second shift." On the second shift, GRAs did not receive pre-determined cleaning assignments but instead they received their cleaning assignments throughout their shift. Second shift GRAs were responsible for completing the same tasks as the first shift GRAs, as well as, completing housemen's work, which included picking up dirty linen and trash from housekeeping closets, responding to guest calls, and completing other "projects" that TSC assigned.

8.

The Grove's piece rate amounts were as follows: approximately $18 per 2bedroom/2bathroom cleaned, approximately $22 per 3bedroom/2bathroom cleaned, and approximately $24 per 3bedroom/3bathroom cleaned. The GRAs, who were paid on an hourly basis, received hourly rate of $10 to $11 per hour.

9.

Plaintiff Manual Mijares was employed as a GRA from December 2017 until August 2018 when he voluntarily resigned from his employment with TSC. He worked on both the first

and second shifts. When Mijares worked on the first shift, he was compensated on a piece rate basis. He also worked on the second shift when there was a need for additional GRAs to provide housekeeping services. On the second shift, he received hourly pay; his hourly rate was $10.00 per hour.

10.

Plaintiff Mariana Godoy was employed as a GRA from February 2018 until August 2018 when she voluntarily resigned from her employment with TSC. Godoy generally worked on the first shift. In connection with her job duties on the first shift, Godoy was compensated on a piece rate basis. Godoy also worked on the second shift on a few occasions. When Godoy worked on the second shift, she was paid on an hourly basis; her hourly rate was $10.00 per hour.

11.

Similarly, Plaintiff Joanderson Bencomo was employed as a GRA from November 2017 until August 2018 when he voluntarily resigned from his employment with TSC. Bencomo only worked on the first shift and he was compensated on a piece rate basis. He received hourly pay on a few occasions when he provided deep cleaning services or completed trainings. His hourly rate was $11.00 per hour.

12.

Finally, Plaintiff Anoas Dionicio was employed as a GRA from October 2017 until August 2018 when she voluntarily resigned from her employment with TSC. Dionicio generally worked on the first shift. In connection with her job duties on the first shift, Dionicio was compensated on a piece rate basis. Dionicio also worked on the second shift on a few occasions. When Godoy worked on the second shift, she was paid on an hourly basis; her hourly rate was $10.00 per hour.

13.

In May 2018, the Grove's management decided to reduce the cost of TSC's housekeeping services. In particular, the Grove's management instructed TSC to eliminate daily cleaning services and switch to cleaning the rooms every other day or 2-3 times per week. In connection with this change, the Grove's management also reduced the amounts paid to TSC per unit; the amounts paid to TSC per unit were reduced to an amount lower than the per room rate that TSC was paying to GRAs. GRAs opposed the reduced rates and, in turn, TSC decided that a hourly pay system was a compromised solution to allay GRAs' concerns and mitigate economic losses.

14.

On August 5, 2018, TSC returned GRAs to an hourly pay system, compensating them at a rate of $10 to $11 per hour. GRAs recorded their time in a timekeeping system; they clocked in at the start of their shift and clocked out at the end of the work day. Immediately following the transition from piece pay to hourly pay, TSC's management held a pre-shift meeting and approximately 100 GRAs attended the meeting. During the pre-shift meeting, both Area Vice President Michael Woodbury and I announced that TSC will changing its compensation structure and now compensating GRAs exclusively on an hourly basis. GRAs again voiced their opposition to this change and about fifteen to twenty GRAs walked off the job on the spot. Mijares, Bencomo, Dionicio were included in this group and vehemently expressed their dissatisfaction with the new compensation arrangement. Mijares eventually contacted authorities to come to Grove property and he eventually had to be escorted from the property. Mijares, Bencomo, Dionicio never returned to work at the Grove after they walked off the job.

15.

Godoy was absent from work on the day of the announcement. However, immediately following the change in the compensation scheme, Godoy resigned from her employment with TSC.

16.

None of the Plaintiffs continued to work at the Grove after August 5, 2018.

Executed this ___20___ day of March, 2019.

*Amanda Pascoe*
Amanda Pascoe
Project Director
The Service Companies, Inc.