UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MANUEL MIJARES; MARIAN
GODOY; JOANDERSON BENCOMO;
and ANOAS DIONICIO,

    Plaintiffs,

v.                                    Case No. 6:18-cv-2024-Orl-37TBS

THE SERVICE COMPANIES, INC.,

    Defendant.
_____

## ORDER

    Plaintiffs Manuel Mijares, Marian Godoy, Joanderson Bencomo, and Anoas Dionicio sued their former employer, Defendant The Service Companies, Inc., under the Fair Labor Standards Act ("**FLSA**") for failing to pay overtime compensation. (*See* Doc. 1-2.) Seeking relief for themselves and a class of other similarly situated employees, Plaintiffs move for conditional certification and authorization to notice the putative class under 29 U.S.C. § 216(b). (Doc. 17 ("**Motion**").) Defendant responded. (Doc. 40.) On review, the Motion is denied.

### I.    BACKGROUND

    Plaintiffs worked as "house cleaners" for Defendant for less than a year between 2017 and 2018 in Orlando, Florida. (Doc. 1-2, ¶¶ 26–29; Doc. 17, p. 1.) During their employment, Plaintiffs say they sometimes worked more than forty hours a week, entitling them to overtime pay. (Doc. 1-2, ¶ 30.) But they allege Defendant violated the

FLSA by: (1) failing to pay its employees overtime compensation for hours worked in excess of forty hours a week; and (2) failing to maintain accurate records of employees' work hours. (*Id.* ¶¶ 31–32, 43–49.) Thus, Plaintiffs sued Defendant in state court in October 2018, and Defendant removed the case here. (Docs. 1, 1-2.)

Now Plaintiffs seek authorization to maintain an opt-in collective action and to notify all putative class members affected by these FLSA violations under § 216(b). (Doc. 17.) Plaintiffs suggest this collective action include:

> All "house cleaners" who worked for Defendant within the last three years who believe they were not paid proper overtime wage compensation during any work week of their employment within the applicable statute of limitations period.

(*Id.* at 2.) In support, Plaintiffs supplied declarations from the named Plaintiffs only. (Docs. 18–20, 26 ("**Plaintiff Declarations**").) Differing as to dates of employment, the Plaintiff Declarations all state:

> 3. I worked for Defendant, The Service Companies, Inc. ("Defendant"), as a house cleaner from approximately [start date] through [end date].
> 4. On average I worked about 10 hours of overtime per week, for a total of 50 hours per week for Defendant.
> 5. Defendant failed to pay me the overtime pay to which I was entitled. Defendant has a uniform policy of failing to pay overtime to any of its house cleaners when they work in excess of forty hours per week.
> 6. I am aware of many other house cleaners who want to join this lawsuit for the same reasons as I do.
> 7. Defendant failed to properly track the hours I worked, which resulted in me not receiving the overtime wages to which I was entitled.
> 8. Defendant treats all house cleaners the same with regard to its failure to pay overtime.
> 9. I would like to recover my overtime pay from Defendant.
> 10. I would like to bring a collective action for unpaid overtime pursuant to the Fair Labor Standards Act against Defendant.

(Docs. 18–20, 26.)

Defendant opposes, arguing that Plaintiffs have failed to make the requisite showings under § 216(b) to maintain a collective action on behalf of other purportedly similarly situated employees. (Doc. 40.) Specifically, Defendant contends that Plaintiffs failed to demonstrate: (1) the existence of a uniform policy or practice that violated the FLSA; (2) a sufficient number of potential class members desire to participate; and (3) they are similarly situated to the members of the putative class. (*Id.*) In support, Defendant provided two declarations outlining, *inter alia*, Defendant's differing pay structures for Plaintiffs and other employees based on the client, location of property, and the job duties and experience of the employees. (Docs. 40-1, 40-2.) Briefing complete, the matter is ripe.

## II.    LEGAL STANDARDS

The FLSA authorizes aggrieved employees to maintain actions for FLSA violations on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). If the district court permits the case to proceed collectively, at least one employee must act as a named plaintiff, after which other "similarly situated" employees may affirmatively opt in. *See id.* The purpose of authorizing a § 216(b) class is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Prickett v. Dekalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003).

Although district courts have wide discretion in determining how to manage a collective FLSA action, *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001), the U.S. Court of Appeals for the Eleventh Circuit has "sanctioned a two-stage procedure," *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The first stage is the "notice" or "conditional certification" stage. *Morgan*, 551 F.3d at 1260–61. At this stage, "the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Hipp*, 252 F.3d at 1218 (citation omitted). Named plaintiffs bear "the burden of showing a 'reasonable basis' for [their] claim that there are other similarly situated employees" who, if notified, would opt into the action. *Morgan*, 551 F.3d at 1260–61. "Because the court has minimal evidence" at the notice stage, the reasonable basis standard is "fairly lenient"[1] and "typically results in conditional certification of a representative class." *Hipp*, 252 F.3d at 1218 (citation omitted). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in[,]'" and "[t]he action proceeds as a representative action throughout discovery."[2] *Id.* (citation omitted).

---

[1] The Eleventh Circuit has also described the reasonable basis standard as "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." *Morgan*, 551 F.3d at 1260–61 (citations omitted).

[2] Because similarly situated employees must affirmatively opt into § 216(b) collective actions, district courts cannot create a § 216(b) class through certification alone. *See Morgan*, 551 F.3d at 1259. "Rather, the 'existence of a collective action under § 216(b) . . . depends on the active participation of other plaintiffs.'" *Id.* (quoting *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)). "Therefore, the importance of certification, at the initial stage, is that it authorizes either the parties, or

The second stage is the "decertification" stage, so named because it is triggered by a defendant's motion to decertify the representative class "after discovery is largely complete and the matter is ready for trial." *Hipp*, 252 F.3d at 1218 (quoting *Mooney*, 54 F.3d at 1213–14). At the decertification stage,

> the court has much more information on which to base its decision, and [it] makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs— proceed to trial on their individual claims.

*Id*. The decertification stage is "less lenient" than the notice stage, and named plaintiffs "bear[ ] a heavier burden." *Morgan*, 551 F.3d at 1261.

However, district courts are not required to utilize this two-stage procedure. *Hipp*, 252 F.3d at 1219. The Eleventh Circuit has acknowledged that the two-tiered certification procedure "may be most useful when making a certification decision early in the litigation before discovery has been completed." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007).

### III.   ANALYSIS

Based on the procedural posture, the Court adopts the Eleventh Circuit's two-stage procedure for certification and management of this FLSA collective action. To prevail on the Motion at this notice stage, Plaintiffs must show a reasonable basis for their

---

the court itself, to facilitate notice of the action to similarly situated employees," so that those employees can "make informed decisions about whether to participate." *Id.* (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

claims that other employees are: (1) interested in opting into the action; and (2) similarly situated. *Hipp*, 252 F.3d at 1218; *see also Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991) (noting that there must be other employees "who desire to 'opt-in' and who are 'similarly situated.'"). The Court addresses each.

### A. Potential Opt-In Employees

First is whether Plaintiffs have established that other employees are interested in opting into this action. Named plaintiffs seeking conditional certification of a collective action bear the threshold burden of demonstrating that others desire to opt in. *See Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) ("Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit."). Typically, named plaintiffs meet this burden by filing affidavits, consents to join, and other evidence from non-named employees who are interested in opting into the action. *Id.* at 1344. While the burden is "not onerous," *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-cv-1306-J-34JRK, 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014), meeting it requires more than "unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs [will] come from other [locations]." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983); *see also Kubiak*, 2014 WL 2625181, at *10 ("In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations, but rather must set forth 'detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.'" (citation omitted) (quoting *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996))).

Here, the four named Plaintiffs—all of whom worked for Defendant at the Grove Resort in Orlando, Florida—request conditional certification of a class of unspecified size and geographical region consisting of all "house cleaners" who worked for Defendant within the last three years. (*See* Doc. 17, p. 2; Doc. 40-1, ¶¶ 5–6.) However, they have not provided any affidavits, consents to join, or other evidence from any non-named employee who wishes to join the action. *See Vondriska*, 564 F. Supp. 2d at 1344. The only evidence Plaintiffs submitted was their own vague, conclusory affidavits stating, "I am aware of many other house cleaners who want to join this lawsuit for the same reasons as I do." (*See, e.g.*, Doc. 19.) But these unsupported and unspecific statements are insufficient to establish that others desire to opt in. *See, e.g., Manzi v. Hartman & Tyner, Inc.*, No. 11-60426-CIV, 2011 WL 2672343, at *2–3 (S.D. Fla. July 8, 2011) (finding that the plaintiff's affidavit stating "I am aware of other[s] . . . who are willing to join this lawsuit," without more, could not provide a basis for class certification).

Indeed, courts have consistently found that cookie-cutter affidavits containing vague, conclusory allegations about others who desire to opt in fail to provide a sufficient basis for class certification. *See, e.g., Kelley v. Taxprep1, Inc.*, No. 5:13-cv-451-Oc-22PRL, 2014 WL 10248251, at *2 (M.D. Fla. Apr. 2, 2014) (finding that the plaintiffs' "four cut-and-paste, form affidavits . . . are insufficient" to satisfy their burden); *Calvo v. Summit Broadband Inc.*, No. 2:16-cv-746-FtM-38MRM, 2018 WL 3635104, at *9–10 (finding that the plaintiff failed to satisfy his burden when he provided only "three cut-and-paste, form declarations" that fail to identify names or details about others who wish to join and are full of speculative, vague, and conclusory allegations); *see also Kubiak*, 2014 WL 2625181,

at *10 ("Plaintiffs' conclusory statements and 'mere belief or unsupported expectations' that others desire to join, without providing any specific facts to support their belief that other employees are interested in opting in, do not provide a sufficient basis for certification." (citing multiple cases in support)); *Rodgers v. CVS Pharm., Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2003) (a plaintiff's speculative, vague, and conclusory allegations and belief in the existence of others who desire to opt in are insufficient). Plaintiffs' affidavits here fare no better.

While Plaintiffs' awareness of others who want to join the lawsuit is intended to satisfy their burden of demonstrating others desire to opt in, "the opposite inference—that all those interested in joining this lawsuit have already done so—is also plausible." *Manzi*, 2011 WL 2672343, at *3 (quoting *Barrera v. Oficina, Inc.*, No. 10-21382-CIV, 2010 WL 4384212, at *2 (S.D. Fla. Oct. 28, 2010)). As Plaintiffs have not met their burden here, the Motion is denied on that basis alone. *See Rappaport v. Embarq Mgmt. Co.*, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007) ("[F]ederal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where, as here, the plaintiffs attempt to certify a broad class based only [on] the conclusory allegations of few employees."); *see also Kelley*, 2014 WL 10248251, at *2 n.2 (collecting cases).

### B.    Similarly Situated Employees

Assuming *arguendo* Plaintiffs had sufficiently demonstrated that others desire to opt in, next is whether Plaintiffs have shown that those individuals are similarly situated. Plaintiffs have not. "At the notice stage, the 'similarly situated' requirement is particularly lenient." *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2015

WL 4068388, at *3 (M.D. Fla. July 2, 2015). "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson*, 79 F.3d at 1096 (citation and internal quotation marks omitted). Courts look to "pay provisions" and "job requirements" to determine whether different employment positions are "similar." *Dybach*, 942 F.2d at 1567–68. However, "[a] plaintiff must make 'substantial' and 'detailed' allegations supported by affidavits to satisfy the 'similarly situated' element." *Palacios v. Boehringer Ingelheim Pharms., Inc.*, No. 10-22398-Civ-UU, 2011 WL 6794438, at *5 (citing *Grayson*, 79 F.3d at 1097). And "[f]ederal courts routinely decline to certify collective action when the plaintiff's assertions are conclusory or lack evidentiary foundation." *Id.* (citing *Haynes*, 696 F.2d at 887–88).

Here, Plaintiffs represent that they worked for Defendant as house cleaners. (*See* Doc. 18, ¶ 3; Doc. 19, ¶ 3; Doc. 20, ¶ 3; Doc. 26, ¶ 3.) But their affidavits do not specify their job requirements or pay structures. (*See* Docs. 18–20, 26.) Regarding pay, they merely state that they routinely worked more than forty hours per week and were not paid overtime compensation. (*See, e.g.*, Doc. 18, ¶¶ 4–5.) Moreover, without support, Plaintiffs represent that Defendant fails to pay all house cleaners overtime compensation. (*See, e.g., id.* ¶ 8.) But there is no evidentiary foundation for these conclusory assertions— they fall woefully short of establishing Plaintiffs' burden. *See Haynes*, 696 F.2d at 887 (finding that plaintiffs must provide more than "unsupported assertions that FLSA violations [are] widespread"). So, again, Plaintiffs' vague, cut-and-paste affidavits are insufficient to satisfy the Court that conditional certification is appropriate. *See Calvo*, 2018 WL 3635104, at *11 (relying on *Kelley*, 2014 WL 10248251, to find that the plaintiffs'

"three cut-and-paste form declarations . . . consist[ing] of conclusory assertions . . . are not probative of the similarly situated question"); *see also Palacios*, 2011 WL 6794438, at *5 (finding that cut-and-paste, conclusory declarations lacking meaningful detail "fall short of the 'substantial' and 'detailed' allegations necessary to satisfy the 'similarly situated' element." *Id.* (citation omitted)); *Rodgers*, 2006 WL 752831, at *5–6 (finding declarations lacking job requirements or descriptions insufficient to evaluate similarities between potential class members); *Hipp*, 252 F.3d at 1219 (finding that generalized and unsupported allegations fail to establish the similarity requirement).

Further, Plaintiffs' contention that they are similarly situated to each other and that other similarly situated individuals exist is belied by Defendant's evidence to the contrary. For example, Defendant provided detailed affidavits stating that its compensation decisions are client-specific and different for each property. (*See* Doc. 40-1, ¶ 9; Doc. 40-2, ¶ 7.) These affidavits also state that house cleaners, including the named Plaintiffs, are compensated differently depending on their job duties, shifts, level of experience, and location of work. (Doc. 40-1, ¶¶ 10–13; Doc. 40-2, ¶¶ 7–14.) Boiled down, Defendant's affidavits reveal that no uniform compensation structure exists—even for the named Plaintiffs. (*See generally* Docs. 40-1, 40-2.)

With this, Plaintiffs unsupported allegations of commonality between putative class members—all house cleaners who worked for Defendant—and of class-wide FLSA violations fail to overcome Defendant's detailed affidavits to the contrary. *See, e.g.*, *Haynes*, 696 F.2d 884 (declining to authorize class notice where there were only unsupported allegations of widespread FLSA violations); *Holmes v. Quest Diagnostics,*

*Inc.*, No. 11-80567-Civ-WILLIAMS, 2012 WL 12876965, at *2–3 (S.D. Fla. June 14, 2012) (finding that vague allegations in plaintiff's nearly identical declarations "lack sufficient detail and do not 'successfully engage' [the defendant's declarations] indicating that the [p]laintiffs are not similarly situated"). Thus, Plaintiffs have not met their burden of showing that conditional certification is warranted here. *See Grayson*, 79 F.3d at 1095 (finding that plaintiffs must make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary").

What is more, crediting Defendant's detailed affidavits, conditional certification under these circumstances should also be denied as a collective action would be unmanageable and inappropriate due to the different pay structures—even amongst the named Plaintiffs—that would require individualized inquires. *See Calvo*, 2018 WL 3635104, at *12 (finding that "conditional certification also should be denied because plaintiff-specific inquiries would likely be required"); *Kelley*, 2014 WL 10248251, at *2 (finding that "individualized inquiries . . . make conditional certification in this proceeding unwarranted"); *see also Cartner v. Hewitt Assocs., LLC*, No. 6:09-cv-1213-Orl-31DAB, 2010 WL 1380037, at *3 (M.D. Fla. Mar. 31, 2010) (declining to certify a collective action where "individualized inquiries will need to be made on a plaintiff-by-plaintiff basis"). Indeed, such individualized inquiries undermine the judicial economy upon which conditional certification rests. *See West v. Verizon Commc'ns, Inc.*, No. 8:08-cv-1325-T-33MAP, 2009 WL 2957963, at *7 (M.D. Fla. Sept. 10, 2009) ("The need for individualized

inquiries would contravene the basic theory of judicial economy upon which the certification of collective actions is based.").

In sum, Plaintiffs have failed to demonstrate that "there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *See Dybach*, 942 F.2d at 1567–68. The Motion is denied.[3]

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Doc. 17) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 21, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

[3] Because the Court declines to conditionally certify the putative class and to authorize the dissemination of the proposed notice, the Court need not address Defendant's concerns regarding the proposed notice or Plaintiffs' request for discovery. (*See* Doc. 17, pp. 8–11; Doc. 40, pp. 18–21.)