UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MANUEL MIJARES, MARIAN GODOY, JOANDERSON BENCOMO, ANOAS DIONICIO,**
on behalf of themselves and on behalf of all others similarly situated

    Plaintiff,

v.                                                     Case No.: 6:18-cv-02024-RBD-TBS

**THE SERVICE COMPANIES, INC.,**

    Defendant.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW AND STATEMENT OF FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, MANUEL MIJARES, MARIAN, GODOY, JOANDERSON, BENCOMO, ANOAS DIONICIO (hereinafter Plaintiffs), hereby file this Motion for Partial Summary Judgment. For the reasons stated below, this Motion should be granted and the Court should find in favor of Plaintiffs for violations by Defendant of the Fair Labor Standards Act ("FLSA") related to its overtime and recordkeeping provisions.

**MEMORANDUM OF LAW**

  A. *Statement of Undisputed Facts*

1. Plaintiff MANUEL MIJARES began working for Defendant as a housekeeper in December 2017, and he worked in this capacity until August 2018. (Dkt. 16 at paragraph 11).

2. Plaintiff MARIANA GODOY began working for Defendant as a housekeeper in February 2018, and she worked in this capacity until August 2018. (Dkt. 16 at paragraph 12).

3. Plaintiff JOANDERSON BENCOMO began working for Defendant as a housekeeper in November 2017, and he worked in this capacity until August 2018. (Dkt. 16 at paragraph 13).

4. Plaintiff ANOAS DIONICIO began working for Defendant as a housekeeper in October 2017, and he worked in this capacity until August 2018. (Dkt. 16 at paragraph 14).

5. All Plaintiffs worked overtime during their employment with Defendant.(*See* Defendant's Responses to Plaintiffs' First Request for Admissions attached hereto as Exhibit A. at No. 1. and see also Plaintiffs' Answers to Courts Interrogatories filed as Composite B.)

6. Defendant did not pay Plaintiffs and other first shift housekeeping employees at The Grove Resort and Spa overtime when they worked over 40 hours in a week while they were paid a piece rate from March 2017 through August 4, 2018. (*See* Exhibit A at No. 7.)

7. Defendant is a covered employer within the meaning of the FLSA. (*See* Complaint at Dkt. 1 at paragraphs 19-22; and Dkt. 16 at paragraphs 19-22.)

8. Plaintiffs are not exempt from the FLSA. (*See* Defendant's Responses to Plaintiffs' First Set of Interrogatories attached hereto as Exhibit C at No. 8)

9. Defendant admits it violated the FLSA by not paying Plaintiffs overtime compensation for time worked over 40 hours during the period of time in which they were compensated on a piece rate basis from March 2017 through August 4, 2018. (*See* Exhibit A at No. 10).

10. Defendant admits it does not have full and complete time records for Plaintiffs for the period from March 2017 until August 4, 2018. (*See* Defendant's Responses to Plaintiffs' Second Request for Admissions attached hereto as Exhibit D at No. 1).

11. Defendant admits that it does not know the exact number of hours worked by first shift housekeeping employees at The Grove Resort and Spa during the period of time in which they were compensated on a piece rate basis from March 2017 through August 4, 2018. (*See* Exhibit D. at No. 2).

12. Defendant admits the FLSA requires it to keep accurate time records. (*See* Exhibit D. at No.3.)

B. *Legal Argument*

Plaintiffs filed a single count complaint against Defendant for violations of the FLSA in State Court or about October 29, 2018. (Dkt. 1). This matter was subsequently removed to this Court. *Id*. The parties have exchanged written discovery. Plaintiffs now move the Court for summary judgment on their FLSA claims, as noted above, as there is no dispute that Defendant violated Plaintiffs' rights under the FLSA.

The FLSA requires that employers pay their employees (at least) one and a half times the "regular rate" for any work in excess of 40 hours per week. 29 U.S.C. § 207(a)(1) (prohibiting "a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). When a covered employee is not paid the overtime wage, the FLSA provides a private cause of action against the employer for unpaid wages. 29 U.S.C. § 216(b). Significantly, however, the law does not require that an employee be compensated solely on an hourly rate; an employee may also be compensated on a "piece-rate, salary, commission, or other basis," provided that "the overtime compensation due to [the] employee[ ] must be computed on the basis of the hourly rate derived therefrom." 29 C.F.R. § 778.109(2013).

The "regular rate" is the basis for any overtime computation. The regular hourly rate is determined by dividing an employee's total remuneration in a given workweek by the total number of hours worked that week. *Id.* When an employee performs only hourly labor, "the hourly rate is the 'regular rate,' " and the overtime rate is one and a half times this "regular

rate." 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110. Stated differently, the overtime premium is simply one-half the "regular rate." *See id.* Multiplying this overtime premium by the number of overtime hours worked yields the unpaid overtime. *See id.*

When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates, the sum of which "is then divided by the number of hours worked in the week for which such compensation was paid" *See* 29 CFR 778.111. Once this "regular rate" is determined for the employee performing piece-work labor, the overtime premium, again, is simply one-half the "regular rate." *See* 29 U.S.C. § 207(a) and 29 C.F.R. § 778.107 (requiring that overtime be paid at "rate not less than one and one-half times the regular rate"); *see also* 29 C.F.R. § 778.111(a) ("For overtime work the pieceworker is entitled to be paid, ... one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.").

To recover under the FLSA, an employee must initially show that the statute was violated and produce evidence to show the nature and extent of the work performed as a matter of just and reasonable inference. *See* <u>Anderson v. Mt. Clemens Pottery Co.,</u> 328 U.S. 680, 687 (1946). Where an employer has kept complete and accurate records as required by the FLSA, the court can readily determine whether the required wages have been paid. *Id.* But where the employer has not kept such records, such as the case at hand, the court must look to other evidence. *Id.* Such evidence will frequently be anecdotal and imprecise, as employees seldom keep records regarding their own work. *Id.* The employer may then come forward with its own evidence or seek to negate the employee's testimony. *Id.*

> The Eleventh Circuit has summarized this burden-shifting framework:
>
> The FLSA places upon the employee-plaintiff "the burden of proving that he performed work for which he was not properly compensated." However, if the employer failed to

4

>keep time records, as in this case, that burden is relaxed. Specifically, in that circumstance an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the *precise amount of work performed* or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*See* <u>Lamonica v. Safe Hurricane Shutters, Inc.,</u> 711 F.3d 1299 at 1315 (11th Cir. 2013)(internal citations omitted).

Employees, therefore, may recover even though the amount may be uncertain and the damages difficult to calculate. *See* <u>Washington v. Miller,</u> 721 F.2d 797, 803 (11th Cir.1983) (farmworker employees met their prima facie burden for recovery under the FLSA despite the fact that "[t]estimony as to the hours worked varied widely and was often confused and contradictory"); <u>Reeves v. Int'l Tel. & Tel. Corp.,</u> 616 F.2d 1342, 1352 (5th Cir.1980)[8] (employee established his claim with estimates of hours based upon "the rough computations of his subconscious mind"); <u>Marshall v. Mammas Fried Chicken, Inc.,</u> 590 F.2d 598, 599 (5th Cir.1979) (employee met prima facie burden with evidence that was demonstrably inaccurate, as the inaccuracy was due to the employer's failure to keep more accurate records).

Here, Defendant failed to record the number of hours devoted to piece-work labor and other work. Although Plaintiffs did not keep records of their own, they have offered a calculation of the overtime they are due in their answers to Court interrogatories filed in this case. *See* Exhibit B. The Court should find that this testimony concerning the number of hours they devoted to Defendant during the relevant time period is a fair and reasonable approximation of the hours they worked and award them backpay based on these calculations.

Defendant should also be required to pay a liquidated damages award. The FLSA provides that an employer "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although unpaid overtime wages must always be awarded, the court retains the discretion to withhold an award of liquidated damages where it finds that the employer has acted in "good faith." 29 U.S.C. § 260 (stating that in action to recover liquidated damages under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] ... the court may, in its sound discretion, award no liquidated damages"). Absent an affirmative showing of "good faith," however, liquidated damages are mandatory. *Dybach v. Fla. Dep't of Corr.,* 942 F.2d 1562, 1566–67 (11th Cir.1991).

The employer's burden of showing "good faith" has been characterized as "plain and substantial." *Barcellona v. Tiffany Eng. Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979). The employer must prove both subjective and objective "good faith," that is, (1) that its actions were taken in a "good faith" belief that they did not violate the law and (2) that it had reasonable grounds for believing that its actions were not in violation of the law. *See* 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1272 (11th Cir.2008). Failure to establish either of those elements precludes a finding of "good faith." *Id.* Yet, even where the employer is able to establish both elements, any reduction or elimination of a liquidated damages award remains discretionary with the Court. 29 C.F.R. § 790.22(b) (stating that "the court is permitted, but is not required, in its sound discretion to reduce or eliminate the liquidated damages which would otherwise be required").

6

Here, Defendant cannot establish either element of the "good faith" standard. Defendant failed to take any meaningful steps to determine whether it was obligated to pay overtime wages under the FLSA; it chose instead to rely on its misconceived belief that if it paid a piece rate it did not have to pay overtime. *See* Barfield v. N.Y. City Health & Hosp. Corp., 537 F.3d 132, 150–51 (2d Cir.2008) (stating that good faith not shown where employer failed to take "active steps to ascertain the dictates of the FLSA and act to comply with them"). Defendant cannot shield itself from a liquidated damages award by its deliberate failure to learn whether it was obligated to pay enhanced overtime rates, undoubtedly one of the most critical aspects of employee compensation. *See* Washington v. Miller, 721 F.2d 797, 804 (11th Cir. 1983) (employer may not "rely on ignorance alone" to avoid liquidated damages). Furthermore, Defendant's payroll and recordkeeping practices belie Defendant's contention that it had acted in a "good faith" belief that it was not violating the law. The Court, therefore, must conclude that Plaintiffs are entitled to recover not only their unpaid overtime compensation (minus payroll tax withholdings), but also an additional equal amount as liquidated damages.

### *C. Conclusion*

Based upon these facts, and the authority provided in Plaintiffs' Motion for Summary Judgment, the Court should enter summary judgment against Defendant and in favor of Plaintiffs on the FLSA claims in this lawsuit.

Dated this 24th day of May 2019.

                          Respectfully submitted,

                          */s/ Luis A. Cabassa*
                          **LUIS A. CABASSA**
                          Florida Bar Number: 053643
                          Direct No.: 813-379-2565
                          **WENZEL FENTON CABASSA, P.A.**
                          1110 North Florida Ave., Suite 300
                          Tampa, Florida 33602
                          Main No.: 813-224-0431
                          Facsimile: 813-229-8712
                          Email: lcabassa@wfclaw.com
                          **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Adam Primm, Esquire
W. Eric Baisden, Esquire
Benesch, Friendlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Email: aprimm@beneschlaw.com
Email: ebaisden@beneschlaw.com

Jaclyn S. Clark, Esquire
Mary Ruth Houston, Esquire
Shutts & Bowen LLP
300 S. Orange Ave., Ste. 1600
Orlando, FL 32801
Email: jclark@shutts.com
Email: mhouston@shutts.com

                          */s/ Luis A. Cabassa*
                          **LUIS A. CABASSA**